IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## EASTERN DISTRICT—PHILADELPHIA, 1888.

---

## THE COM'RS OF ROUSE ESTATE v. THE POOR DIRECTORS.

ERROR TO THE COURT OF QUARTER SESSIONS OF WARREN COUNTY.

Argued May 25, 1887—Decided January 16, 1888.

1. The acts of April 18, 1864, P. L. 443, and April 4, 1866, P. L. (1867) 1412, devolved the maintenance of the poor of Warren county upon the commissioners of the Rouse estate. By the act of March 31, 1868, P. L. 535, certain officers of boroughs and townships were required to maintain the poor within their respective districts, and to provide the taxation necessary, "until such poor are committed and delivered to the Rouse hospital in said county:" *Held*, that thereafter the duty of the commissioners of the Rouse estate to care for and maintain the poor of the county did not begin until they were committed and delivered to the said hospital.
2. A writ of error to the judgment upon "a case stated for the opinion of the court in the nature of a special verdict," properly brings the record before this court for review, and hence a writ of certiorari in the same case by the same plaintiff in error is unnecessary.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and CLARK, JJ.; PAXSON and GREEN, JJ., absent.

No. 15 January Term 1887, Sup. Ct.

On March 23, 1886, it was agreed by and between the

VOL. CXVIII—1                                (1)

directors of the poor of Crawford county, plaintiffs, and the commissioners of the Rouse estate, and the road commissioners of Eldred township, Warren county, defendants, that the following case be stated for the opinion of the court, in the nature of a special verdict:

Lillie Allen, aged about eighteen years, had a legal settlement in Eldred township, Warren county, in the year 1885, and in said year she came into Crawford county, and before she had obtained a legal settlement in said Crawford county, she happened to fall sick, and upon an order of relief duly issued by two justices of the peace, said plaintiff was compelled to expend for the use of said Lillie Allen the sum of $63.42; that soon as convenient plaintiff gave notice to the commissioners of the Rouse estate of the name, circumstances and condition of said Lillie Allen, and demanded payment of said sum of money, so expended as aforesaid; that as soon as convenient said plaintiff gave a similar notice to and made a similar demand of the road commissioners of Eldred township; that each of said defendants has neglected and refused to pay plaintiffs said sum of money.

If the court be of the opinion that either of said defendants is liable to plaintiff for said sum of money, then the court to make an order and decree that such defendants pay to plaintiffs the sum of sixty-three and $\frac{42}{100}$ dollars, and direct judgment to be entered accordingly; but if the court be of the opinion that neither defendant is liable to plaintiff, then to order and decree accordingly: The costs to follow the order and decree of the court, and each party reserving the right to appeal, or sue out a writ of error or certiorari.

On June 28, 1886, the court, BROWN, P. J., filed the following opinion and decree:

By the 14th section of the act of 1864, P. L. 442, the charge of all the poor in the county of Warren and the expense of their support and maintenance was imposed on the " Directors of the Rouse hospital." By act of April 4, 1866, P. L. (1867), 1412, the office of director of Rouse hospital is abolished and the duties before imposed on such directors are transferred to the "commissioners of the Rouse Estate." The act of March 31, 1868, P. L. 535, provides that the burgess and council of the boroughs and the road commissioners of the townships shall be authorized and required to discharge all the duties of over-

seers of the poor within their respective districts, so far as their care and maintenance is concerned until such poor are committed and delivered to the Rouse hospital.

The act of 1864, supplemented by the act of 1866, made the county of Warren a single poor district, the duties of which were imposed on the commissioners of the county, who by virtue of that office are also commissioners of the Rouse Estate. By this legislation the township and borough poor districts were wiped out, and the question now presented is whether the act of 1868 so restored them as to render the poor district of Eldred township liable to what clearly appears to be a just demand of the plaintiff against one or other of the defendants. That the general obligation to maintain the poor is upon the commissioners of the Rouse Estate is clear. Does the act of 1868 relieve said commissioners and impose the obligation upon Eldred district in a case like the one under consideration? We think not. The act it appears to us was only intended to relieve the county officials and the poor district of the county from all such care and expenditures on behalf of the poor as can be better, more conveniently and more economically done by the local authorities. We think the act was intended only to meet cases where a person should by proper proceeding be made a charge upon the township or borough district, and where consequently the local authorities had it in their power to deliver such person to the Rouse hospital. But here Lillie Allen never was made a charge as a pauper upon Eldred district. Its officials had no charge of her person, no notice, so far as appears, of her sickness, and had no right in the absence of an order of maintenance to deliver her to the Rouse hospital, even if they did know of her sickness and that her legal settlement was in Eldred township. We are of the opinion that the plaintiff is entitled to recover against the commissioners of the Rouse Estate, and we direct judgment to be entered against such commissioners and in favor of the directors of the poor of Crawford county for the sum of sixty-three dollars and forty-two cents, with costs of suit.

Thereupon the commissioners of the Rouse Estate took said writ, assigning the judgment of the court as error. The same defendants also took a writ of certiorari to No. 97 July Term 1887, Sup. Ct., assigning the same judgment as error.

*Mr. W. M. Lindsey* (with him *Mr. S. P. Johnson* and *Mr. James O. Parmlee*), for the plaintiff in error:

The claim of the directors of the poor of Crawford county, arises under § 23, act of June 13, 1836, P. L. 546, and is enforceable against the proper poor district in Warren county. The court is asked to determine which is the proper writ to review the proceedings: See Overseers of Clarion Borough, 91 Pa. 431; Versailles v. Mifflin, 10 W. 360; Overseers v. Directors, 44 Pa. 481; Barnes v. Commonwealth, 11 W. N. 375.

1. The act of March 31, 1868, P. L. 535, was evidently passed to relieve the commissioners from traveling over the county to look after and care for the poor, and that such duties might be performed better and more economically by the local authorities. Our contention is that this act restored the several townships and boroughs to poor districts, and clothed the road commissioners and the burgesses and councils of boroughs, in their respective districts, with all the powers of overseers of the poor, until such poor are committed and delivered to the Rouse hospital. Section 15, act of April 18, 1864, P. L. 443, provides the mode of obtaining such commitment.

*Mr. Chas. H. Noyes* (with him *Mr. Wetmore* and *Mr. Hinckley*), for Eldred township, defendant in error, submitted no brief.

OPINION, MR. JUSTICE STERRETT:

The record of this "case stated for the opinion of the court in the nature of a special verdict" is properly before us for review on the writ of error, and hence the writ of certiorari in same case was unnecessary.

It appears that, in 1885, plaintiffs below, in obedience to the order of two justices of the peace of Crawford county, expended $63.42 for the relief of a sick and helpless person whose last place of legal settlement was then in Eldred township, Warren county. As soon as they could conveniently do so, they notified the "commissioners of the Rouse Estate" and the "road commissioners of Eldred township," defendants below, of the name, circumstances and condition of the pauper, and demanded, from each respectively, payment of the amount expended for her relief, which was refused.

Opinion of the Court.

In view of the facts recited in the case stated, it cannot be doubted the demand was both reasonable and just, and should have been paid by one or other of the defendants below. The Court of Quarter Sessions being of opinion that it should have been paid by the commissioners of the Rouse Estate, directed judgment against them for the amount thereof and costs. This is the subject of complaint in the only specification of error before us; and the sole question is, which of the parties named is legally liable.

A portion of the fund bequeathed by Henry W. Rouse to the county of Warren, for the benefit of the poor of that county, was expended in the erection of the Rouse hospital, which was committed to the management of the " commissioners of the Rouse Estate," under which name they were incorporated. The income from the charitable bequest being inadequate for the support of the poor of the county, the deficiency is provided for by taxation. By the act of April 8, 1864, P. L. 443, supplemented by the act of April 4, 1866, P. L. (1867) 1412, the care and maintenance of all the poor of the county devolved on the commissioners of the Rouse Estate; but, for reasons deemed sufficient, the law was changed by the act of March 31, 1868, P. L. 535, which provides: " That the burgess and council of the boroughs and the road commissioners of the townships of the county of Warren, be and they are hereby authorized and required to discharge all the duties of overseers of the poor within their respective districts, so far as the care and maintenance of the poor is concerned, until such poor are committed and delivered to the Rouse hospital of said county; and for this purpose the said burgess and council and the said commissioners are hereby authorized to increase the borough and road taxes within their respective districts to an amount sufficient to enable them to carry out the provisions of this act, or, if they deem the same expedient, may levy a separate poor tax for that purpose."

The obvious effect of this legislation was to re-erect the several boroughs and townships of the county into poor districts, invest the several officers named with all the powers and impose upon them all the duties of overseers of the poor in their respective districts until the poor under their care are committed and delivered to the Rouse hospital. The com-

missioners of the Rouse Estate were thus relieved, to that extent, of the duties previously devolved on them. Their duty to the poor of the county thereafter commenced when they were committed and delivered to the hospital, and not before.

It follows, from what has been said, that the pauper in question, having her last place of legal settlement in Eldred township, became chargeable to that poor district; and it was the duty of the road commissioners, acting as overseers of the poor therein, to provide for her support and maintenance until she was committed and delivered to the Rouse hospital. This was never done, and hence no liability attached to plaintiffs in error. The commissioners of Crawford county, having, in obedience to the mandate of the two justices, provided the necessary relief, had a just claim upon the poor district of Eldred township for reimbursement of the amount thus expended. We think, therefore, that the judgment should have been against the road commissioners of Eldred township and not against plaintiffs in error.

> Judgment reversed, and judgment is now entered on the case stated in favor of plaintiffs below, and against the road commissioners of Eldred township, defendants below, for sixty-three forty-two one hundredth dollars and costs.